UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DANIEL R.L., )<br>)<br>    PLAINTIFF )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, ACTING )<br>COMMISSIONER, SOCIAL SECURITY )<br>ADMINISTRATION, )<br>)<br>    DEFENDANT | CIVIL NO. 1:20-CV-258-DBH |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES**

This is a motion for reasonable attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in a Social Security disability case where the Court ruled in the plaintiff's favor by remanding the case to the Commissioner for reconsideration.

It has a twist. In this Court, the Commissioner first addressed the merits of the plaintiff's claim for extended benefits without raising an exhaustion objection. Then after oral argument, the Magistrate Judge ordered the parties to address exhaustion. Order of March 14, 2021 (ECF No. 22) (text entry). The Magistrate Judge later explained:

> Counsel for the plaintiff agreed with my suggestion that the issue was best addressed through supplemental briefs. *Counsel for the commissioner agreed to submit supplemental briefing, but also indicated that he had considered this issue, spoken with his office's jurisdictional coordinator about this case, and ultimately decided to brief the merits of the plaintiff's Section 301 argument.*

Report & Recommended Dec. at 5 (ECF No. 32) (emphasis added).  Eventually, in his Recommended Decision, the Magistrate Judge ruled that the Commissioner had waived the issue by her initial decision to address only the merits in this Court.  Id. at 9-12.  The Commissioner did not object and I affirmed the Recommended Decision.  Order Affirming Recommended Decision of the Magistrate Judge (ECF No. 34).

I now conclude that the Commissioner's position on the merits of the claim for extended benefits was not "substantially justified" within the meaning of the EAJA.  28 U.S.C. § 2412 (d).  As the Magistrate Judge pointed out, the Administrative Law Judge "never referenced the plaintiff's contrary evidence in his decision, let alone articulated whether or why he discounted that evidence."  Report & Recommended Dec. at 14.  No more need be said on that issue.

But I agree with the Commissioner that it is not reasonable to award the plaintiff fees for the supplemental briefing he did on exhaustion in response to the Magistrate Judge's order. The Commissioner had earlier determined not to raise the exhaustion issue as a defense.  I suppose she might have doubled down on her position, but she should not be penalized for presenting the argument for exhaustion in response to the Magistrate Judge's request.  See Powell v. Colvin, No. 5:12-CV-00157-LLK, 2014 U.S. Dist. LEXIS 52567 at *4 (W.D. Ky. Apr. 15, 2014) (Commissioner was not "'unjustified' in complying with the Court's Order For Further Briefing").

There is no dispute in this case about the plaintiff's lawyer's hourly rate ($209.54) or about the number of hours spent in total (38.7 hours) and in the

2

supplemental briefing in particular (10 hours).  Therefore, attorney fees in the amount of $6,013.80 ($8109.20 for 38.7 hours - 2095.40 for 10 hours) are reasonable and are awarded to the plaintiff after removing the claim for supplemental briefing.

There remains the issue of briefing on the attorney fees controversy itself. Because the Commissioner challenged the fees in their entirety, not just the supplemental briefing fees, the plaintiff was required to respond.  He seeks an additional five hours for that briefing.  I will allow half that amount ($1,047.70 ÷ 2 or $523.85), discounting it for the additional time spent on the exhaustion argument.

Accordingly, the plaintiff is awarded a total of $6,537.65.  The Commissioner has not objected to the plaintiff's form of proposed order except as to amount.  The Clerk shall enter that order, inserting $6,537.65 in place of the amount requested by the plaintiff.

So Ordered.

Dated this 17th day of September, 2021

/s/D. Brock Hornby
**D. Brock Hornby**
**United States District Judge**